OPINION
This appeal is taken by appellant Tracey White from a judgment of the Marion County Court of Common Pleas, Probate Division denying her waiver of benefits from a wrongful death claim and permitting the State to garnish the proceeds.
On March 8, 1994, Michael Rogers was a passenger in a one vehicle automobile accident. Michael died from his injuries on March 13, 1994. Louise Rogers, Michael's grandmother, was appointed administrator of Michael's estate. The estate reached a settlement of $55,000 in wrongful death benefits and suggested the following distribution be made after expenses were deducted: $28,636.83 to White, $5,000 to Michael's father, and $600 to Louise. On December 22, 1995, the State filed a notice of garnishment upon the estate for $11,780.30 of White's share. Later that day, the trial court held a hearing to approve the settlement, but no distribution was approved.
On April 22, 1996, Louise filed a proposed distribution which included $4,793 reimbursement for funeral expenses paid and $10,000 be retained for expenses of a pending medical malpractice lawsuit. The trial court ordered on May 10, 1996, that $5,000 be reserved for the lawsuit, $3,500 be distributed to Michael's father, and $7,353.83 be released to Louise. The remaining $13,500 was placed in an interest bearing account pending a decision as to whether White could waive all of the distribution after the notice of garnishment.
On July 3, 1997, the trial court held a hearing concerning the waiver. The State amended its claim to $8,200.00. The trial court ordered White and the State to submit briefs on the issue. On October 8, 1997, the trial court found the waiver to be invalid as to the garnished amount and ordered that $8,046.98 be paid to the Marion Clerk of Courts pending the outcome of the garnishment action.
White claims the following assignments of error:
 The trial court erred in denying White, mother of the decedent, and entitled to participate in wrongful death proceeds for the death of her son, the right to waive or decline to participate in said proceeds.
 The trial court erred in granting the State a portion of the wrongful death proceeds to satisfy an obligation owed it by White when the State did not apply to intervene in the action and did not have standing to participate in the action.
Although these assignments of error present some interesting questions of law, many are not questions before us as they are not based upon the record below. App.R. 12(A)(2). Those issues are ones properly addressed by the Marion County Court of Common Pleas during the garnishment proceeding. We do not have the garnishment proceedings before us. Thus, we may only address those issues actually raised by the distribution ordered by the probate court.
White's first assignment of error asserts that the trial court should have accepted the waiver for all of the proceeds. However, this claim ignores the authority of the trial court to distribute the proceeds of a wrongful death settlement in any equitable manner.
 The court that appointed the personal representative, except when all of the beneficiaries are on an equal degree of consanguinity to the deceased person, shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.
R.C. 2125.03(A)(1). Here, the beneficiaries were of various degrees of consanguinity, so the trial court had the authority to distribute the proceeds in any equitable manner. Neither the State's garnishment proceeding against the amount reserved nor any agreement among the beneficiaries alters the trial court's authority to distribute the proceeds. We find no abuse of discretion in the trial court's distribution. The first assignment of error is overruled.
The second assignment of error claims that the trial court erred by allowing the State to intervene. This assignment of error is moot because the intervention of the State does not affect the trial court's decision on distribution of the wrongful death proceeds. However, we note that the State did not properly intervene in this action and has no standing. Civ.R. 24 permits intervention, but requires the intervening party to file a motion and a pleading setting forth the claims for which intervention is sought pursuant to Civ.R. 5. Civ.R. 24(C). An oral motion, as argued by the State is insufficient. Moreover, the garnishor need not intervene in the action to serve its garnishment on the fiduciary as a debtor's debtor for the garnisher's interest in the fund held is derivative only.
The judgment of the Marion County Court of Common Pleas, Probate Division is affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.